UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUSSELL SMITH,<br><br>*Plaintiff*,<br><br>v.<br><br>C.O. JACKSON; C.O. DEJESUS; C.O. KRASMOW; C.O. MARCELLE; C.O. DOYLE; C.O. SNOW; SGT. FLANAGAN; SGT. ORT; LT. CORDAY,<br><br>*Defendants*. | 26-CV-7179 (KMK)<br><br>ORDER OF SERVICE |

KENNETH M. KARAS, United States District Judge:

Plaintiff Russell Smith, who currently is incarcerated at Green Haven Correctional Facility, brings this action, pro se, under 42 U.S.C. § 1983, alleging that Defendants violated his right under the Eighth Amendment by using excessive force against him. He sues six New York State Corrections and Community Supervision ("DOCCS") corrections officers (Jackson, DeJesus, Krasmow, Marcelle, Doyle, Snow), two DOCCS sergeants (Flanagan and Ort), and a DOCCS lieutenant (Corday), all of whom are sued in both their individual and official capacities. Plaintiff requests that Defendants "be held accountable and remove[d] from their duties."[1] (ECF No. 3, at 26.)

By order dated October 29, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[2] For the reasons that follow, the

---

[1] In the Relief section of the complaint form, Plaintiff also alleges that Defendants acted "with evil motive and intent" and with "reckless and careless indifference." (ECF No. 3, at 26.) Because these allegations track the standards for an award of punitive damages, *see Smith v. Wade*, 461 U.S. 30, 56 (1983), the Court liberally construes the complaint as also seeking monetary relief.

[2] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

Court: (1) dismisses the official-capacity claims under the doctrine of sovereign immunity; (2) notifies Defendants that Local Civil Rule 33.2 applies to this action, and (3) directs service on Defendants.

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

**DISCUSSION**

**A. Sovereign immunity**

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogate[d] the states' Eleventh Amendment immunity[.]" *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted). "[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id.* (internal quotation marks and citation omitted). This immunity shields states and arms of the state from claims for money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72–74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984). "To the extent that a state official is sued . . . in his official capacity, such a suit is deemed to be a suit against the

state, and the official is entitled to invoke the Eleventh Amendment immunity belonging to the state." *Ying Jing Gan v. City of New York*, 996 F.2d 522, 529 (2d Cir. 1993).

Congress has not abrogated the states' immunity for claims under Section 1983, *see Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990), and the State of New York has not waived its immunity to suit in federal court, *see Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Accordingly, Plaintiff's official-capacity claims for damages under Section 1983, which are the functional equivalent of claims for damages against the State of New York, are barred by the Eleventh Amendment and dismissed for seeking damages against a defendant who is immune from such relief and for lack of subject matter jurisdiction.[3] *See* 28 U.S.C. § 1915(e)(2)(B)(iii); Fed. R. Civ. P. 12(h)(3); *Close v. New York*, 125 F.3d 31, 38-39 (2d Cir. 1997) ("[U]nless New York waived its immunity, the district court lacked subject matter jurisdiction."); *Atl. Healthcare Benefits Trust v. Googins*, 2 F.3d 1, 4 (2d Cir. 1993) ("Although the parties do not address the Eleventh Amendment in their briefs, we raise it *sua sponte* because it affects our subject matter jurisdiction.").

**B. Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil

[3] Under the exception to Eleventh Amendment immunity articulated in *Ex Parte Young*, 209 U.S. 123 (1908), "[a] plaintiff may avoid the Eleventh Amendment bar to suit and proceed against individual state officers, as opposed to the state, in their official capacities, provided that his complaint (a) 'alleges an ongoing violation of federal law' and (b) 'seeks relief properly characterized as prospective.'" *In re Deposit Ins. Agency*, 482 F.3d 612, 618 (2d Cir. 2007) (citations omitted). To the extent Plaintiff is seeking prospective injunctive relief against Defendants in their official capacities, the Court dismisses those claims because Plaintiff does not allege any facts suggesting an *ongoing* violation of his federal constitutional rights.

Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[4]

**C. Service on Defendants**

Plaintiff has been granted permission to proceed IFP and therefore may rely on the assistance of the court and the U.S. Marshals Service to effect service.[5] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants. The Clerk of Court is further instructed to issue summonses for each Defendant and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the Complaint is not served within 90 days after the date each summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

[4] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

[5] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date each summons in this action is issued.

Plaintiff also must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court dismisses Plaintiff's official-capacity claims against Defendants. *See* 28 U.S.C. § 1915(e)(2)(B)(iii); Fed. R. Civ. P. 12(h)(3). The Court also notifies Defendants that Local Civil Rule 33.2 applies to this action. The Clerk of Court is instructed to issue a summons for each Defendant, complete the USM-285 form with the address for each Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service. The Clerk of Court is directed to mail an information package to Plaintiff. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: November 9, 2026
White Plains, New York

KENNETH M. KARAS
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. C.O. Jackson
   Green Haven Correctional Facility
   594 Rt. 216
   Stormville, NY 12582-0010

2. C.O. DeJesus
   Green Haven Correctional Facility
   594 Rt. 216
   Stormville, NY 12582-0010

3. C.O. Krasmow
   Green Haven Correctional Facility
   594 Rt. 216
   Stormville, NY 12582-0010

4. C.O. Marcelle
   Green Haven Correctional Facility
   594 Rt. 216
   Stormville, NY 12582-0010

5. C.O. Doyle
   Green Haven Correctional Facility
   594 Rt. 216
   Stormville, NY 12582-0010

6. C.O. Snow
   Green Haven Correctional Facility
   594 Rt. 216
   Stormville, NY 12582-0010

7. Sgt. Flanagan
   Green Haven Correctional Facility
   594 Rt. 216
   Stormville, NY 12582-0010

8. Sgt. Ort
   Green Haven Correctional Facility
   594 Rt. 216
   Stormville, NY 12582-0010

9. Lt. Corday
   Green Haven Correctional Facility
   594 Rt. 216
   Stormville, NY 12582-0010